UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISRAEL MIRELEZ MENDOZA,  )<br>  )<br>      Petitioner,  )<br>  )<br>     v.  )<br>  )<br>B. WAGNER,  )<br>  )<br>      Respondent.  )<br>  )<br>  )<br>  )_ | Case No.: 1:12-cv-01186-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

     Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on July 20, 2012, challenging the the plea agreement and expected sentence Petitioner believes he will receive. (Doc. 1). Petitioner also contends that employees of the Bureau of Prisons' ("BOP") physically abused him, placed him in administrative segregation illegally, and confiscated his personal belongings, in violation of his constitutional rights. (Doc. 1). Petitioner alleges that he has suffered injuries and was not provided adequate medical attention. (Doc. 1, p. 4).

     The petition alleges that Petitioner's case is pending in the United States District Court for the Southern District of California, that Petitioner has pleaded guilty to unspecified charges, and that his plea agreement contemplates a sentence of between 47 and 56 months. (Doc. 1, p. 2). The petition

1

also indicates that Petitioner, who is represented by counsel, will not be formally sentenced until September 4, 2012. (Doc. 1, p. 6). In light of that, it is also clear, and Petitioner acknowledges, that Petitioner has yet to file his direct appeal from his conviction and sentence. (Doc. 1, p. 2).

As mentioned, Petitioner now brings this habeas petition, purporting to challenge the execution of his sentence; however, Petitioner's complaints are as follows: (1) Petitioner feels the plea agreement is unfair and that the amount of prison time is excessive; and (2) Petitioner alleges that prison employees physically abused him, wrongfully placed him in administrative segregation, confiscated his property, and failed to provide adequate medical care for his injuries. Petitioner does not provide any details for any of these allegations.

## DISCUSSION

### A. The Sentencing Issue Is Not Ripe For Review.

As to ground one, a § 2241 petition is not the appropriate legal vehicle for Petitioner's complaint regarding his potential sentence. First, the issue is premature and, even if it were not premature, it must first be brought in the sentencing court pursuant to 28 U.S.C. § 2255.

Petitioner's own documentation and allegations establish that Petitioner's criminal case in the United States District Court for the Southern District of California is ongoing and that sentencing is presently scheduled for September 4, 2012, at 9:30 a.m. Hence, any challenge Petitioner wishes to make to his sentence must await the imposition of that sentence. Certainly, in the context of collateral review, even assuming jurisdiction is present, this Court cannot review a decision that has yet to be made nor a sentence yet to be imposed.

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of sanding, ripeness, and mootness. See Poe v. Ullman, 367 U.S. 497, 502-505 (1961). The most important of these doctrines is standing. See Allen v. Wright, 468 U.S. 737, 750 (1984). As a manifestation of the Article III case-or-controversy requirement, standing is a determination of whether a specific person is the proper party to invoke the power of a federal court. Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of

1  the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing,
2  "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct
3  and likely to be redressed by the requested relief." Id. at 751. The injury must be "an invasion of a
4  legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not
5  conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(citations
6  omitted).

7       Closely related to standing is the issue of ripeness. The ripeness doctrine serves "to prevent
8  the courts, through avoidance of premature adjudication, from entangling themselves in abstract
9  disagreements over administrative policies, and also to protect the agencies from judicial interference
10 until an administrative decision has been formalized and its effects felt in a concrete way by the
11 challenging parties. Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149 (1967). The Supreme
12 Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present
13 objective harm or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). "A claim
14 is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated,
15 or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998)(internal citations
16 omitted).

17      Here, quite obviously, Petitioner's complaint about his sentence is not ripe since it rests upon a
18 "contingent future event," i.e., his September 4, 2012 sentencing hearing which may or may not occur
19 as anticipated. The sentencing court may accept the plea agreement, may reject it or may require it
20 modified before it is approved. At this juncture, there simply is no case or controversy under Article
21 III which would give rise to jurisdiction for this Court to address Petitioner's sentence. Therefore,
22 ground one should be dismissed as premature.

23      Moreover, the proper method for challenging Petitioner's sentence is, in any event, a motion
24 pursuant to § 2255. A federal court may not entertain an action over which it has no jurisdiction.
25 Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to
26 challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion
27 to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d
28 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil,

119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Thus, even if the matter were ripe, Petitioner must first bring his sentencing challenge as a motion pursuant to § 2255 in the sentencing court, i.e., the Southern District of California.

B.   The Remaining Claim Should Be Brought As A Bivens Action.

As to ground two, it is apparent that Petitioner does not challenge the fact or duration of his confinement. Rather, Petitioner challenges the conditions of his confinement, i.e., the physicality with which prison correctional officers are treating him and the locus of his confinement, i.e., administrative segregation.

Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should be raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at *1 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility

should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to law library because they concern conditions of his confinement); Wilson v. Wrigley, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241 because his request to be transferred to another institution does not impact the duration of his confinement).

Such district court decisions are consistent with case law from the Ninth Circuit as well as other circuit courts of appeals. See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson, 408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison are generally not cognizable in habeas unless they impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens.").

Accordingly, in ground two, Petitioner is not entitled to habeas corpus relief under § 2241 and that claim should be dismissed without prejudice to Petitioner filing a Bivens civil rights action for purported brutality.

**ORDER**

Therefore, the Court HEREBY DIRECTS the Clerk of the Court to appoint a United States District Judge to his case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2012**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE